◼ In the Matter of BARBARA THOMAS, Petitioner, v LYNN KOROSER, as Executive Director of the Poughkeepsie Housing Authority, Respondent. [611 NYS2d 596] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of

Review of the Poughkeepsie Housing Authority, dated March 25, 1992, which, after a hearing, terminated the petitioner's tenancy in public housing on the ground of nondesirability.

Adjudged that the determination is confirmed and the petition is dismissed on the merits, without costs or disbursements.

After a physical altercation with her neighbors, the petitioner's daughter stabbed one of the neighbors. Following an informal and a formal hearing, the petitioner's tenancy was terminated on the ground of nondesirability. The evidence adduced indicated that the petitioner's son, who remained a named tenant in her apartment, had raped a minor child in the past, and her daughter had had physical and violent fights with the neighbors and had stabbed a neighbor. While the conduct of the petitioner's adult son is not determinative, since, according to the petitioner, he no longer resided with her after the rape, we note that he was convicted of that crime. Further, in view of the seriousness of the injuries inflicted by the petitioner's minor daughter when she stabbed a neighbor, and the seriousness of another incident when the daughter hit another neighbor with a rock, scarring her in the chin, the determination terminating the petitioner's tenancy on the ground of nondesirability was based on substantial evidence and should not be disturbed *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Mangine v New York City Hous. Auth.,* 140 AD2d 523). Additionally, the penalty imposed, i.e., the termination of the petitioner's tenancy, does not shock the conscience under the circumstances presented here *(see, Matter of Forman v New York City Hous. Auth.,* 110 AD2d 516, *revd* 66 NY2d 899, *on dissenting opn of Ross, J., at App Div).*

Further, the petitioner's right to due process of law was not violated, since she received proper notice and an opportunity to be heard to rebut the respondent's evidence and present her own case *(see, Matter of Pell v Board of Educ., supra; Forman v New York City Hous. Auth., supra).*

We have considered the petitioner's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Krausman and Florio, JJ., concur.